**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States Attorney's Office*
*50 Main Street – Suite 1100*
*White Plains, New York 10606*

September 3, 2025

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

**Re:** *United States v. Tyquan Brown*, **S3 23 Cr. 157 (KMK)**
**Government Request for Status Conference and to Admit Certain Evidence**

Dear Judge Karas,

The Government submits this letter to request a status conference in the above-referenced matter and to request leave to file a motion in support of the admission in the upcoming *Fatico* hearing of (1) a call made by Minor Victim-1 to the Mount Vernon Police Department (the "MVPD Call") (attached as Exhibit A) and (2) the grand jury transcript of Minor Victim-1's testimony during the state court proceedings (Exhibit B). Defense counsel does not oppose the Government's request for a status conference or to admit the MVPD Call. The Government understands through the Court's deputy that the Court is available on September 8, 2025, at 2:00 p.m.

### 1. The Defendant's Objections

On or about on August 20, 2025, the defendant submitted his objections to the final Presentence Investigation Report ("PSR") (Dkt. 62) to the U.S. Probation Office. Many of the defendant's objections will require the Court to hold a *Fatico* hearing to resolve factual disputes between the defendant and the Government. The Government asks the Court to hold a status conference within the next two weeks to schedule the hearing and sentencing, and to discuss the parameters of the *Fatico* hearing.

The defendant submitted approximately forty-eight objections to the PSR. A copy of the defendant's proposed objections and the Government's responses are here attached as Attachment 1. Many of these objections include, but are not limited to:

1. The conduct to which the defendant pled guilty on December 20, 2024 (the "Second Guilty Plea Allocution"). Defendant Objections to PSR ¶¶ 10(b)(ii)(4), 10(b)(iii)(3), 10(b)(iv)(4), 25, 29, and 32.

2. The inclusion of text messages found in the defendant's phone. *Id.* ¶¶ 16-18, 22.

3. Conduct that will require the testimony of the statutory victims regarding grooming, sexual and physical abuse, and statutory rape. *Id.* ¶¶ 14-15, 19-22, 24-29, 32, 34-35.

4. Defendant's prior convictions and statements found in charging instruments and records associated with those convictions. *Id.* ¶¶ 61, 69-71, 75, 76-80, 82.

5. Defendant's prior arrests. *Id.* ¶¶ 83, 85, 86-92.

Absent any stipulations, the Government will require at least seven witnesses to testify at a *Fatico* hearing to address all of the defendant's objections. This would include (1) a cell-site location expert witness, (2) a law enforcement officer trained in the extraction of data and other materials from cellphones and similar devices, (3) a forensic nurse who collected swabs from Minor Victim-1, (4) a DNA expert, (5) the detective who received the initial report of the crime on or about January 20, 2023, (6) the crime scene photographer, and both (7) Minor Victim-1 and (8) Minor Victim-2, in addition to any necessary custodian witness and any number of witnesses related to the defendant's prior convictions. The Government anticipates that the hearing would require at least 1-2 full days of testimony to address each dispute listed in the defendant's objections.

The proposed status conference would give the parties an opportunity to discuss the proposed objections, identify the universe of truly disputed facts at the hearing, and determine what disputed facts would factor into the Court's ultimate decision. For example, many of the defendant's objections relate to the offense conduct to which the defendant already admitted during the Second Guilty Plea Allocution.[1]  The defendant also seeks to include multiple unsupported, self-serving statements in the PSR in what appears to be an attempt to disclaim responsibility for his conduct.

A resolution regarding these and similar matters would allow the Government to streamline its presentation at the hearing and conserve Government and Court resources.

## 2. Request to Admit Certain Evidence

The Government also writes to confirm the admissibility of two of Minor Victim-1's prior statements as direct evidence at the *Fatico* hearing: (1) the MVPD Call made shortly after she was returned to her home by the defendant, and (2) the transcript of Minor Victim-1's state grand jury testimony. These statements are both admissible at a *Fatico* hearing and would obviate the need for Minor Victim-1 to relive her physical and sexual abuse for the Court. Defense counsel does

---

[1] The defendant pled guilty to Coercion and Enticement of a Minor, with an offense date of on or about January 19, 2023.

not object to the admissibility of the MVPD call and is in the process of reviewing the grand jury transcript. Notably, though, Defendant Objection to PSR ¶ 22 asks the Court to consider Minor Victim-1's grand jury testimony as it relates to certain disputed facts. *See* Attach. 1 at 4.

The Court should confirm the admissibility of the MVPD call and the grand jury transcript as admissible hearsay at the *Fatico* hearing. Courts have consistently held that there is no Sixth Amendment right to confront witnesses during the sentencing phase so long as the defendant receives due process. *United States v. Martinez*, 413 F.3d 239, 244 (2d Cir. 2005) (upholding the use of hearsay testimony by a law enforcement officer at a *Fatico* hearing over the defendant's hearsay and right-to-confrontation objections); *United States v. Fatico*, 579 F.2d 707, 713 (2d Cir. 1978) (holding that due process is satisfied "when the defendant does not dispute the truth of the statements sought to be introduced, or the statements are sufficiently corroborated by other evidence.")

Here, both the MVPD call and grand jury testimony are sufficiently reliable. First, Minor Victim-1's statements during the MVPD call constitute an excited utterance, which are generally considered to be reliable given the declarant's emotional state. *United States v. Tocco*, 135 F.3d 116, 127 (2d Cir. 1998) ("the excitement of the event limits the declarant's capacity to fabricate a statement and thereby offers some guarantee of its reliability"); *United States v. Scarpa*, 913 F.2d 993, 1017 (2d Cir. 1990) (approving admission of an excited utterance notwithstanding a lapse of "five or six hours" between the utterance and startling event). Similarly, the sworn grand jury testimony of Minor Victim-1 is also sufficiently reliable because it was provided under oath. *Cf. United States v. Yonkers Contracting Co.*, 7041 F. Supp. 431, 437 (S.D.N.Y. 1988) (holding that grand jury testimony was sufficiently reliable to be admitted before a jury in a pre-*Crawford* decision).

Accordingly, the Court should confirm the admissibility of these statements and set a status conference to discuss the *Fatico* hearing and sentencing in this case.

The Court will hold a status conference on 9/8/25 at  2:30

So Ordered
9/3/25

cc: Samuel Braverman, Esq.
*counsel for the defendant*

Very truly yours,

JAY CLAYTON
United States Attorney

By:  Kaiya Arroyo
Kaiya Arroyo
Assistant United States Attorney
(212) 637-2226
Mollie O'Rourke
Special Assistant United States Attorney
(914) 995-6322

3

# Attachment 1
# Filed Under Seal

# Exhibit A
# Filed Under Seal

# Exhibit B
# Filed Under Seal